# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

LISA DODSON JONES                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:18-CV-145-RP

MERCHANTS & FARMERS BANK
OF HOLLY SPRINGS, MISSISSIPPI, et al.                              DEFENDANTS

## ORDER

This matter is before the court on the plaintiff's Objection to the Administrative Record requesting the inclusion of certain documents that are not contained in the administrative record as filed by the defendants.   Docket 54.   The subject documents consist of correspondence between attorneys for the parties regarding possible settlement of the plaintiff's claims, as well as an undated, unsigned mediation brief by an attorney for the plaintiff, which presumably was submitted to the mediator in connection with the parties' unsuccessful private mediation. Dockets 70-1 through 70-11.   The defendants oppose the plaintiff's request, arguing the subject correspondence constitutes inadmissible settlement communications under Federal Rule of Evidence 408, was not a basis for the plan administrators' benefits determination, and therefore should not be included in the administrative record.   The court agrees with the defendants.

When assessing factual questions related to the merits of an ERISA claim, "the district court is constrained to the evidence before the plan administrator."   *Vega v. National Life Insurance Services, Inc.*, 188 F.3d 287, 299 (5th Cir. 1999), *overruled on other grounds by Metropolitan Life Insurance Company v. Glenn,* 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008).   "[T]he administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit in a manner that gives the administrator a fair opportunity to consider it." *Vega*, 188 F.3d at 300.

The plaintiff argues that the administrative record should include all communications between the attorneys for the parties prior to the filing of the lawsuit. The defendants contend the subject settlement communications are not "relevant" to the benefits determination and their inclusion in the administrative record would be improper under Federal Rule of Evidence 408.

Rule 408 prohibits the use of evidence – by any party – of settlement offers or statements made during settlement negotiations to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement. FED. R. EVID. 408. As the defendants point out, the Advisory Committee Notes for Rule 408 state that one ground for the exclusion of such evidence may be that it "is irrelevant, since the offer may be motivated by a desire for peace rather than from any concession or weakness of position." FED. R. EVID. 408, advisory committee's note. The Advisory Committee Notes also state, "A more consistently impressive ground is promotion of the public policy favoring the compromise and settlement of disputes." *Id.* The court believes both grounds favor exclusion of the subject settlement communications from the administrative record in this case.

The essential dispute over the plaintiff's retirement benefits in this case – a dispute governed by ERISA – is whether the plaintiff became entitled to begin receiving her benefits immediately upon retiring at age 54, as she claims, or whether she is entitled to begin receiving her benefits only upon reaching age 65, as the plan administrators determined. A review of the record in this case makes clear that this dispute will turn on two salient issues. The first is whether there was a "change of control" of the bank when Lanier Robinson, Jr., a shareholder of the bank's holding company, died in 2006. If there was a change in control in 2006, then the second issue is whether, as the plaintiff claims, the effect of that change of control is governed by her subsequent 2012 participation agreement providing for the commencement of benefits

immediately upon retirement following a change of control or whether, as the plan administrators determined, the effect of any 2006 change of control is governed instead by the participation agreement in effect at that time, which did not provide for immediate benefits upon retirement following a change of control

In the settlement communications the plaintiff wishes to include in the administrative record, there is very little, if any, factual information bearing on these two issues that is not already contained in the documents comprising the administrative record filed by the defendants. As such, the subject settlement communications have little probative value in this matter. Of greater concern to the court, however, is the chilling effect that granting the plaintiff's request would have on settlement negotiations in future ERISA disputes.

The Fifth Circuit has explained the reasoning underlying Rule 408 as follows:

> A primary reason for excluding evidence of a compromise is to encourage non-litigious solutions to disputes. Admission of evidence of the settlement could work to discourage plaintiffs and defendants from settling with one or more of several codefendants. With today's burgeoning dockets and the absolute impossibility of Courts ever beginning to think that they might even be able to hear every case, the cause of justice is advanced by settlement compromises sheparded by competent counsel, whose experience as advocates makes them reliable predictors of litigation were it pursued to the bitter end.

*Reichenbach v. Smith,* 528 F.2d 1072, 1074 (5th Cir. 1976) (internal citation omitted). There do not appear to be any cases directly on point in this circuit, but such reasoning has justified the exclusion of settlement communications from the administrative record in ERISA cases in other jurisdictions. *See, e.g., Jones v. Life Insurance Company of North America*, No. 08-cv-03971-RMW, 2015 WL 8753996, *3-4 (N.D. Cal. December 15, 2015) (excluding mediation-related communications from administrative record under Rule 408 and because "parties must be able to discuss claims and the related administrative processes without fear that their statements will be revealed to the court"); *Cyr v. Reliance Standard Life Insurance Co.,* 525 F.Supp.2d 1165, 1169-

71 (C.D. Cal. 2007) (excluding settlement communications under Rule 408).   The plaintiff does not cite – nor is the court aware of – any caselaw holding settlement communications are a part of the administrative record in ERISA litigation.

The plaintiff in her reply brief urges the court to admit the settlement communications under Rule 408's exception permitting use of the evidence for a purpose other than the prohibited purposes.   The plaintiff states her purpose in using the evidence is to illustrate the facts and circumstances known to the plan administrators when they were considering the plaintiff's claim for benefits.   This differs very little from saying the plaintiff intends to use the evidence to prove the validity or amount of her claim.

In his memo attached to his June 22, 2017 email to counsel for the bank – the opening communication among the series of communications the plaintiff now seeks to include in the administrative record – the plaintiff's attorney wrote, "This is being provided under the Rule in regard to a possible settlement."   Docket 70-3.   There is no mistaking which rule the plaintiff's attorney was invoking, or that his intention was to prevent his communication from being used in court and to encourage the bank's attorney to speak freely in response without fear the settlement negotiations would be used in court.   Indeed, the proffered ensuing communications all explicitly discuss the prospects of settlement.   It would be patently unfair and contrary to the public policy of promoting the compromise settlement of disputes to now allow the plaintiff to use those settlement communications to make her case to the court.   The plaintiff's objection to the administrative record is therefore OVERRULED, and her request to include the specified documents is DENIED.

**SO ORDERED**, this, the 10th day of June, 2019.

/s/    Roy Percy
UNITED STATES MAGISTRATE JUDGE