# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

LISA DODSON JONES                                                              PLAINTIFF

V.                                                     CAUSE NO. 3:18-cv-145-RP

MERCHANTS & FARMERS BANK
OF HOLLY SPRINGS, MISSISSIPPI, ET AL.                          DEFENDANTS

## ORDER ON MOTION TO ALLOW DISCOVERY

This matter is before the court on the Motion of Plaintiff to Allow Discovery. Docket 36. The case management order in this case states as follows:

> This case is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA). As such, the decision will be based on the administrative record and the parties' motions for judgment on the record. The parties have made their initial disclosures. No further discovery will be permitted unless specifically authorized by the court.

Docket 22. In support of her motion to conduct discovery, the plaintiff argues that discovery is permissible (1) on her ERISA claims for breach of fiduciary duty, (2) on her state law claims, and (3) with respect to plan co-administrator Gregory Taylor's conflict of interest in evaluating her claim for benefits while also serving as the bank's president and CEO. The plaintiff enumerates 13 categories of documents she wishes to request, and she names 12 witnesses she wishes to depose. The defendants oppose any discovery. The court agrees with the plaintiff that some discovery should be permitted, but not to the extent requested.

As an initial matter, the court has dismissed all the plaintiff's ERISA claims for breach of fiduciary duty and all her state law claims. As such, the plaintiff's motion for discovery pertaining to those claims is denied as moot. The only claim that remains is the plaintiff's claim for retirement benefits.

Discovery is not ordinarily granted in ERISA cases.  The court's review of a plan administrator's resolution of a claim for benefits is limited to the administrative record, and the court may not open the record and conduct discovery or indulge in fact-finding.  *Gooden v. Provident Life & Accident Insurance Company,* 250 F.3d 329, 333 (5th Cir. 2001).  However, the existence and extent of a conflict of interest "is one of the rare areas in which a plaintiff can often expand the administrative record with discovery."  *Ariana M. v. Human Health Plan of Texas, Incorporated,* 884 F.3d 246, 254 (5th Cir. 2018) (citing *Crosby v. Louisiana Health Service and Indemnity Company,* 647 F.3d 258, 263 (5th Cir. 2011)).  A conflict of interest is created by a plan administrator's dual role in making benefits determinations and funding the plan.  *Crosby,* 647 F.3d at 263 (citing *Metropolitan Life Insurance Company v. Glenn,* 554 U.S. 105, 117, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008)).  If the administrator has a conflict of interest, "we weigh the conflict of interest as a factor in determining whether there is an abuse of discretion in the benefits denial, meaning we take account of several different considerations of which conflict of interest is one."  *Holland v. International Paper Company Retirement Plan,* 576 F.3d 240, 247 (5th Cir. 2009) (quoting *Crowell v. Shell Oil Co.,* 541 F.3d 296, 312 (5th Cir. 2008)).

In this case, it appears Gregory Taylor's dual role as co-administrator of the plan and as president and CEO of the bank created a conflict of interest.  *See Holland,* 576 F.3d at 248 (finding conflict of interest where plan administrator was senior vice president of company funding the plan).  The defendants dispute a conflict existed because Mr. Taylor was also a plan participant who would benefit from a broad interpretation of the plan in favor of participants.  The plaintiff points out, however, that the thrust of her claim for benefits is that she is entitled to begin receiving them immediately rather than upon reaching age 65, whereas Mr. Taylor has

already reached the age of 65 and therefore would not benefit from the plaintiff's urged interpretation of the plan. The court finds there are sufficient indicia of a conflict of interest in this case to allow the plaintiff to conduct discovery as to its existence and extent.

The Fifth Circuit has cautioned that when permitting discovery in ERISA cases, "district courts must monitor discovery closely," "must be mindful of the limitations placed on the frequency and extent of discovery under the federal rules, particularly Rule 26(b)," and must "guard against abusive discovery." *Crosby,* 647 F.3d at 264. As such, the discovery in this case will be very limited in scope and extent. The plaintiff's request for 12 depositions far exceeds the court's typical limitation even when allowing general discovery. The plaintiff's 13 categories of proposed document requests appear far too overbroad and burdensome as well. The bulk of the plaintiff's requested discovery appears to have no relevance to the existence and extent of Mr. Taylor's conflict of interest and it far exceeds the scope and extent of discovery that will be allowed.

Discovery will be limited to matters relevant to the existence and extent of Mr. Taylor's conflict of interest, such as whether he "has a history of biased claims administration" and whether his compensation was affected by the grant or denial of claims. *Holland,* 576 F.3d at 248-49; *see also Jurasin v. GHS Property & Casualty Insurance Company,* 463 Fed.Appx. 289, 292 (5th Cir. 2012) (finding for conflict of interest to be more than theoretical and speculative, "[t]here needs to be, for example, evidence that [the reviewing officer] had 'some specific stake in the outcome of [the claim]'"). To this end, the court will allow discovery of information regarding the structure of Mr. Taylor's compensation, such as his employment contract and any performance bonuses. The plaintiff may obtain copies of these documents and may depose Mr. Taylor regarding these matters as well. The plaintiff may also depose Mr. Taylor and his co-

administrator Kathy Ritts regarding any steps to mitigate the potential conflict and any efforts by Mr. Taylor to unduly influence the claim determination. No additional discovery may be conducted without the court's approval.

Therefore, the Motion of Plaintiff to Allow Discovery is **GRANTED IN PART AND DENIED IN PART** as provided herein above. If there is evidence outside the administrative record bearing on the existence and extent of Gregory Taylor's conflict of interest in evaluating the plaintiff's claim for SERP benefits (i.e., evidence of whether he has a history of biased claims administration, whether he has a specific stake in the outcome of the plaintiff's claim, whether there were steps to mitigate the conflict, or whether he attempted to unduly influence the determination of her claim), the parties may present such evidence in support of or in opposition to a dispositive motion on the plaintiff's claim for benefits, but only if the evidence has been disclosed in discovery. The upcoming dispositive motion deadline is hereby continued and will be reset along with the other scheduling deadlines in a separate order following a status teleconference with the undersigned and counsel for the parties.

**SO ORDERED**, this the 10th day of June, 2019.

/s/ Roy Percy  
UNITED STATES MAGISTRATE JUDGE