# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**LISA DODSON JONES**                                                                                            **PLAINTIFF**

**V.**                                                            **CAUSE NO. 3:18-cv-145-RP**

**MERCHANTS & FARMERS BANK**
**OF HOLLY SPRINGS, MISSISSIPPI, ET AL.**                            **DEFENDANTS**

## ORDER DENYING MOTION FOR RECONSIDERATION

On July 10, 2019, the plaintiff Lisa Dodson Jones filed a motion for reconsideration of the court's June 10, 2019 Memorandum Opinion and Order granting defendants' motion for summary judgment on the issue of whether the Supplemental Executive Retirement Plan ("SERP") is a "top hat" plan and is thus exempt from the fiduciary requirements applicable to typical ERISA plans.[1] Docket 85; *see Memorandum Opinion and Order*, Docket 77.

In moving for reconsideration, the plaintiff argues that based on the "actual language" of the 2001 Endorsement Split Dollar Agreement, defendant Merchants & Farmers Bank utilized a more "selective" definition the top hat group than that contemplated by the court in *Tolbert v. RBC Capital Markets Corporation*, 2015 WL 2138200 (S.D. Tex. Apr. 28, 2015); therefore, plaintiff was not included in defendants' top hat group thus creating a genuine issue of material fact precluding summary judgment. Docket 85. In her reply brief, the plaintiff further claims that the 2001 Endorsement Split Dollar Agreement "applied to" the SERP because these documents were "prepared and executed around the same time." Docket 89 at 5. Therefore, the plaintiff

---

[1] Plaintiff's motion does not cite any legal authority in support of her position, nor did she submit a memorandum brief. Local Uniform Civil Rule 7(b)(4) provides: "At the time the motion is served, …counsel for movant must file a memorandum brief in support of the motion…Failure to timely submit the required motion documents may result in the denial of the motion." Despite its deficiencies in violation of the court's Local Rules, the court will consider the plaintiff's motion on the merits.

asserts that the top hat language in the 2001 Endorsement Split Dollar Agreement "is applicable to all plan documents." She cites the Merchants & Farmers Bank Investment Policy for the Purchase of Bank Owned Life Insurance – which is not included in the administrative record – in support of her assertion that the 2001 Endorsement Split Dollar Agreement was purchased in order to fund benefits paid to the plaintiff under the SERP, and therefore the separate plans "cannot be analyzed independently because they cannot exist independently… [and] must be considered as one comprehensive program." Docket 89 at 6.

> In its Memorandum Opinion, the court held
>
> there is no genuine issue as to any material fact bearing on the defendants' assertion that the subject ERISA plan is a "top hat" plan that is exempted from ERISA's fiduciary provisions. The defendants are therefore entitled to judgment as a matter of law on all the plaintiff's ERISA claims for breach of fiduciary duty that pertain to the SERP plan, and those claims will be dismissed.

Docket 77. Additionally, the court found that "even if the SERP plan is not a 'top hat' plan and therefore is not exempt from ERISA's fiduciary provisions, each of the plaintiff's ERISA claims other than her claim for SERP benefits is subject to dismissal on other grounds." *Id*.

The court first notes that the SERP and Endorsement Split Dollar Insurance Agreement are wholly distinct agreements with separate benefits and claims administration processes.[2] Despite the plaintiff's "logical" conclusion that the language in the Split Dollar Insurance Agreement is applicable to *all* plan documents, including the SERP, the plaintiff cites no legal authority for such a proposition nor does she point to language in either of the agreements which would support her contention that the two separate plans "must be considered as one

---

[2] Plaintiff has not exhausted her administrative remedies under the 2001 Endorsement Split Dollar Agreement, therefore any argument for breach of said agreement is not properly or presently before the court. *See* Docket 89 at 7.

comprehensive program." Moreover, this theory was not asserted in response to the defendants' dispositive motions and is based at least in part on a Department of Labor Advisory Opinion that was available to the plaintiff at the time her defenses to those motions were submitted.

As discussed in the court's Memorandum Opinion and Order, the SERP states it is "intended to qualify as an ERISA 'top hat' plan maintained primarily for purposes of providing benefits for a select group of management and highly compensated employees." Docket 77 at 12. The actual language of the plan agreement is a factor that weighs in favor of the defendants in the overall determination of whether the SERP operates as a top hat plan. Further, the relevant factors for determining whether a plan is "maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees," *Reliable Home Health Care, Inc. v. Union Cent. Ins. Co.*, 295 F.3d 505, 512 (5th Cir. 2002), are to be considered holistically, and no single factor carries more weight than any other in determining whether a plan meets the top hat exemption. Finally, the court found and discussed separate bases for dismissal of each of Plaintiff's ERISA claims other than her claim for SERP benefits. This is an additional reason reconsideration is not warranted. The plaintiff's Motion to Reconsider Top Hat Issue is **DENIED.**

**SO ORDERED**, this the 19th day of August, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE